UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RAFAEL MORA-CONTRERAS, | Case No. 3:22-cv-00190-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| WASHINGTON COUNTY, by and through the Washington County Sheriff's Office ("WCSO") a municipal corporation of the State of Oregon; PAT GARRETT, Sheriff for the County of Washington; RYAN CAREY, WCSO Detective; BRAD VERBOORT, WCSO Detective; MICHAEL O'CONNELL, WCSO Detective; EDWARD J BOWMAN, WCSO Detective; EDDIE VILLANUEVA, private party acting as State actor; BOBBY GENE SMITH, private party acting as State actor; and JOHN AND JANE DOES, 1-20, Washington County employees whose identities are presently unknown to Plaintiff but who were involved in the violations alleged herein; all sued in their individual and official capacities. | |
| Defendants. | |

1 - OPINION AND ORDER

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, files this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Fourth, Sixth, and Fourteenth Amendments. Plaintiff's Complaint was deficient in several respects and he was allowed the opportunity to amend his allegations. Plaintiff timely filed an Amended Complaint. However, plaintiff's amended claims are barred by the *Heck* doctrine and this action is dismissed, without prejudice.

Similar to his original Complaint, plaintiff's Amended Complaint alleges that he was unlawfully convicted of felony murder and kidnapping offenses in 2003. Plaintiff claims that detectives from the Washington County Sheriff's Office (WCSO) arrested him without probable cause and procured and presented false evidence against him at trial. Plaintiff also alleges that WCSO detectives and the State failed to disclose exculpatory evidence, including evidence that the State's primary witness had a lengthy criminal record and received extensive benefits in exchange for testimony implicating plaintiff in the kidnapping and murder.

In 2018, plaintiff's convictions were vacated on post-conviction review "because (1) trial counsel was ineffective for failing to object to Plaintiff wearing restraints during his criminal trial; and (2) appellate counsel was ineffective for failing to brief the meritorious issues of Plaintiff wrongfully being tried with his co-defendant, admission of co-defendant's statements against Plaintiff, and the trial court's allowing impermissible vouching of witnesses." Am. Compl. ¶ 186. The case was remanded to the trial court for further proceedings, and the State and plaintiff entered into plea negotiations. During this time, plaintiff was held at the Washington County Jail. Plaintiff alleges that WCSO detectives recorded and monitored confidential telephone communications between him and his defense attorney and disclosed those communications to prosecutors.

Ultimately, plaintiff agreed to plead guilty to several lesser offenses. Plaintiff alleges that he had "no choice but to plead guilty" due to WCSO detectives' failure to disclose exculpatory evidence before and after remand and their interference with his attorney-client communications. Am. Compl. ¶¶ 201-02.

As plaintiff was previously advised, § 1983 claims that implicate the validity of his current convictions are prohibited by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a litigant cannot seek damages arising from an allegedly unconstitutional conviction, unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487-88. "When a plaintiff who has been convicted of a crime under state law seeks damages in a § 1983 suit, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487). If so, the civil action is barred.

Here, plaintiff alleges that, once he discovered defendants had monitored and disclosed his confidential communications to prosecutors, he decided to plead guilty because "he knew that he had no tactical advantage that the State was not aware of in advance." Am. Compl. ¶ 202. Plaintiff also alleges that was coerced "into accepting the plea offer" because defendants "were again conspiring to withhold exculpatory evidence and present fabricated evidence" at a second trial. *Id.* ¶ 205. Plaintiff's § 1983 claims clearly attack the voluntariness of his guilty pleas and a judgment in his favor would directly implicate the validity of his current convictions. Consequently, plaintiff's § 1983 claims are prohibited by *Heck* unless and until his convictions are vacated or otherwise deemed invalid. In other words, plaintiff must successfully challenge his convictions in

3 - OPINION AND ORDER

a post-conviction or habeas proceeding before he may seek damages under § 1983 for defendants' allegedly unlawful conduct.

Plaintiff also alleges claims arising under the Oregon Constitution. This Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c). Further, as the Court previously advised plaintiff, there is no private right of action for damages under the Oregon Constitution. *See Hunter v. City of Eugene*, 309 Or. 298, 304, 787 P.2d 881 (Or. 1990).

## CONCLUSION

Plaintiff's § 1983 claims are barred by *Heck* and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this  23rd  day of January, 2023.

_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge

4 - OPINION AND ORDER